IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL GUTEMA,

    *Plaintiff*,

v.

COMMUNICATIONS TEST DESIGN, INC., d/b/a/ CTDI,

    *Defendant*.

CIVIL ACTION
NO. 18-04785

**PAPPERT, J.**    May 2, 2019

## MEMORANDUM

Michael Gutema sued Communications Test Design, Inc., alleging violations of Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act, 42 U.S.C. § 1981 and § 9125 of the Pennsylvania Criminal History Record Information Act. CTDI moved to dismiss the Complaint, which was denied without prejudice in light of Gutema's filing a First Amended Complaint. CTDI again moves to dismiss all claims against it for failure to state a claim. The Court grants the Motion, and dismisses the First Amended Complaint, albeit with leave to amend, for the reasons that follow.

I

Michael Gutema is an African-American man with a criminal history that includes two felony convictions, a first-degree misdemeanor conviction and a summary offense. (Am. Compl. ¶¶ 1, 13, ECF No. 7.) Gutema has worked at CTDI in various temporary roles since 2014, having been placed there through a staffing agency, Adecco. (*Id*. at ¶ 12, 17.) He disclosed his criminal history at that time. (*Id*. at 17.) In 2016, he again was placed at CTDI through Adecco. (*Id*. at ¶ 12.) Gutema was required to

submit to a background check before he began working at CTDI. (*Id*. at ¶ 16.) As part of that process, Gutema fully disclosed his criminal history to the company, and alleges that both Adecco and CTDI were "at all times material hereto, fully aware of [his] criminal history." (*Id*. at ¶¶ 17–18.)

In December 2016, CTDI offered Gutema a full-time position as a material handler. (*Id*. at ¶ 20.) CTDI required Gutema to submit to another background check as part of the application process and Gutema contends that he again disclosed his criminal history to CTDI at that time. (*Id*. at ¶ 23.)

On January 24, 2017, CTDI withdrew its offer of full-time employment, claiming that Gutema failed to fully disclose his criminal history. (*Id*. at ¶¶ 24–25.) Gutema argues he did disclose his criminal history and that the decision to rescind his job offer was instead motivated by racial animus. (*Id*. at ¶¶ 26–27.) He contends that CTDI does not want to employ an African-American with a criminal background. (*Id*. at ¶ 29.) Gutema alleges that CTDI employs non-African-Americans with criminal convictions, specifically referencing a Hispanic woman with retail theft convictions. (*Id*. at ¶ 28.)

II

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pled "allow[ ] the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

When the complaint includes well-pleaded factual allegations, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). However, this "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Connelly*, 809 F.3d at 786–87).

III

Gutema brings claims of racial discrimination under Title VII, the PHRA and § 1981.[1] Title VII makes it "an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2.

To survive a motion to dismiss, Gutema must plead sufficient factual matter to permit the reasonable inference that he experienced an adverse employment action

---

[1] For purposes of the Motion, the Court's analysis under all three is the same. *See Bryant v. Wilkes-Barre Hosp., Co.*, LLC, No. 3:14-CV-1062, 2015 WL 539999, at *5 n.3 (M.D. Pa. Feb. 10, 2015) (collecting cases).

3

because of his race.  *See Golod v. Bank of Am. Corp.*, 403 F. App'x 699, 702 (3d Cir. 2010) (citing *Goosby v. Johnson & Johnson Med., Inc.*, 228 F.3d 313, 318–19 (3d Cir. 2000)); *see also Huggins v. Coatesville Area Sch. Dist.*, No. 07–4917, 2008 U.S. Dist. LEXIS 65604, 2008 WL 4072801, at *5 (E.D.Pa. Aug.27, 2008) ("[A] plaintiff need not plead a *prima facie* case of discrimination in order to survive a motion to dismiss because a *prima facie* case is an evidentiary standard, not a pleading standard.").  An inference of discrimination may be developed "in a number of ways, including, but not limited to, comparator evidence, evidence of similar [impermissible] discrimination of other employees, or direct evidence from statements or actions by [plaintiff's] supervisor suggesting [impermissible] animus." *Golod v. Bank of Am. Corp.*, 403 F. App'x 699, 703 n.2 (3d Cir. 2010).

First and foremost, Gutema's factual allegations are inherently contradictory and fail to state a claim to relief that is plausible on its face.  Accepting the allegations as true, Gutema had worked for CTDI in various roles for years.  He never alleges that CTDI did not know throughout this time that Gutema was African-American and it is reasonable to conclude that he would be hard pressed to do so.  He alleges that "at all times material hereto," CTDI was "fully aware" of his criminal history.  In December of 2016, CTDI, knowing he was an African-American man with a criminal history, offered him a full-time position.  He then claims that the following month, CTDI withdrew its employment offer specifically because he is an African-American man with a criminal history.  Obviously, none of these factual allegations permit the reasonable inference that Gutema experienced an adverse employment action because of his race.

Moreover, even if his theory was plausible, Gutema's Complaint contains insufficient allegations to support his disparate treatment claim. Gutema alleges that CTDI "did not wish to employ an African-American with a criminal background" but "continues to employ non-African-Americans with criminal convictions, including a Hispanic female with retail theft conviction[.]" (Am. Compl. ¶¶ 27–28.) In order for Gutema to present a proper comparator, he must allege "that the relevant aspects of the plaintiff's employment situation are 'nearly identical' to those of the co-workers that plaintiff alleges were treated more favorably." *Dudhi v. Temple Health Oaks Lung Ctr.*, No. CV 18-3514, 2019 WL 426145, at *5 (E.D. Pa. Feb. 4, 2019) (citing *Collins v. Kimberly-Clark Pa., LLC*, 247 F. Supp. 3d 571, 589 (E.D. Pa. 2017) (internal quotations omitted)). "A determination of whether employees are similarly situated takes into account factors such as the employees' job responsibilities, the supervisors and decision-makers, and the nature of the misconduct engaged in." *Wilcher v. Postmaster Gen.*, 441 F. App'x 879, 882 (3d Cir. 2011) (citations omitted). Gutema's allegations are insufficient to show how he and the unnamed Hispanic employee—or any other non-African-American employees—were similarly situated but treated differently based on their race.

IV

Under Federal Rule of Civil Procedure 15(a), courts may grant a plaintiff leave to amend his complaint "when justice so requires." *See Frasher v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2004) (citing Fed. R. Civ. P. 15(a)). Moreover, "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be

inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Gutema already amended his Complaint once, though his First Amended Complaint is nearly identical to his initial filing—the amendment added two sentences stating that CTDI employs "a Hispanic female with retail theft convictions on her record" and that CTDI "does not employ any African-Americans with criminal backgrounds." (Am. Compl. ¶¶ 28–29.) Gutema has not requested leave to amend his Complaint again and while another amendment would seem futile because Gutema would have to change the entire theory of his case, the Court will nonetheless allow him one last try.

V

Gutema's Title VII and § 1981 claims are the basis of this Court's jurisdiction. Pursuant to 28 U.S.C. § 1367(c)(3), the Court has discretion to decline to exercise supplemental jurisdiction over state law claims once all claims over which the Court has original jurisdiction have been dismissed. In such a situation, it is appropriate to refrain from exercising jurisdiction over the state law claims "in the absence of extraordinary circumstances." *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 196 (3d Cir. 1967). With the dismissal of the federal claims, the Court declines to exercise supplemental jurisdiction over Gutema's state law claim for a violation of § 9125 of the Pennsylvania Criminal History Record Information Act and dismisses that claim without prejudice.

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.